**UNITED STATES**

v.

**Jimmy L. ROWSER, Seaman Apprentice, U.S. Coast Guard.**

**CGCMS 23014.
Docket No. 771.**

U. S. Navy Court of Military Review.

18 Aug. 1975.

Appearances: Appellate Defense Counsel: LT James J. Tamulski, USCGR. Appellate Government Counsel: LT Michael K. Bell, USCG.

## OPINION OF THE COURT

ROSENWASSER, Chief Judge:

This case concerns an accused whom a post-trial psychological report described as an individual of "low-average intellectual skills . . . functioning at a lower level due to poor verbal skills." After his enlistment on 22 September 1972, it took him 105 days to complete recruit training in contrast to the usual 60 days.

He was assigned to the Coast Guard Cutter CONFIDENCE where, according to his supervisors, he proved to be a very good worker in the deck force; he was rated among the top 15 per cent. Nor was he a discipline problem. However, when he was given 30 days emergency leave at Kodiak to return to his home in Birmingham, Alabama, he stayed at home for nine days over his leave, turning in at the Coast Guard Recruiting Office in Birmingham on 1 August 1973.

He was directed to report back the following day for transportation, but he did not do so. Eleven months elapsed before he again surrendered, at the same recruiting office. For his two AWOL offenses, Jimmy Rowser was tried at Kodiak, Alaska, by a special court-martial sitting with judge and members. He pleaded guilty. Prior to sentencing two petty officers from the CONFIDENCE and the accused himself testified in his behalf. In his argument to the jury the defense counsel pointed out that the defendant had come into the Coast Guard with a GCT of 22 while the average for Coast Guardsmen is 55. He urged the jury not to adjudge a punitive discharge but instead to recommend an administrative separation. After deliberating more than an hour, the members sentenced the accused to a bad conduct discharge alone. On 18 November 1974, the commanding officer, CGC CONFIDENCE, as convening authority, suspended the bad conduct discharge on twelve months probation, and the district commander later approved the sentence as suspended.

Two main arguments are made for disapproving the sentence. The first raises the legal objection that a bad conduct discharge may not be sustained if the record is not verbatim: it is said that this record is not verbatim because a side-bar conference involving a request for an instruction was not recorded by the court-reporter. The second contention is that a bad conduct discharge is not an appropriate punishment in this case. We are urged not to approve it, pursuant to our power and duty under Article 66(c) of the Code, 10 U.S.C. § 866(c). We are not persuaded by either contention.

■ There is no doubt that under the law as declared by the Code, the Manual, and the decided cases, a bad conduct discharge may not be approved unless it is supported by a record of trial which is both complete and verbatim. Article 19 UCMJ paragraphs 82*b*(1) and 83*a*, MCM 1969; *United States v. Whitman,* 3 U.S.C.M.A. 179, 11 C.M.R. 179 (1953); *United States v. Weston,* 18 C.M.R. 467 (C.G.B.R. 1955). Moreover paragraph 57*g*(2) of the Manual indicates that an argument on proposed instructions before the judge out of the hearing of the members is a proceeding which "will be fully recorded, transcribed, and incorporated in the record of trial." The Court of Military Appeals has pointed out, however, that a strict application of the requirement for a verbatim transcript "would transform a common-sense provision into an impossible requirement". *United States v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). In

**1162**

that case, Judge Brosman's concurring opinion cautioned:

> . . . we must avoid assuming a doctrinaire attitude in determining both what is a complete record and what is a verbatim one.

More recently, the Court observed in *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973):

> Insubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript.

In *United States v. BeLarge,* 19 U.S.C.M.A. 91, 41 C.M.R. 91 (1969) the court held that a bad conduct discharge could not be approved because the record did not reflect what took place during a five-minute conference between the trial counsel, defense counsel and court members discussing "a point which the trial counsel brought up." The opinion stated:

> . . . we are unaware of the nature of the question discussed and, hence, left completely in the dark about a matter which quite obviously formed a material part of the proceedings.

In the instant case, however, we are not left in the dark; we know precisely the nature of the discussion. While not reported by the court reporter, the essence of what was said appears, authenticated in the record, and not contradicted or disputed either by trial defense counsel in his two Article 38 briefs, or by appellate counsel. Prior to the side-bar conference the judge had completed his instructions, in the course of which he told the jury:

> . . . you should consider the background and character of the defendant. He is 19 years of age, has completed eight grades of school, has a GCT of 22, which is at the lowest level found in the Coast Guard . . . You have the document before you that indicates that it took him approximately 105 days to complete recruit training versus the 60-day normal period; . . .

The judge asked counsel if they desired any additional instructions, and defense counsel asked for a "five-minute recess to finalize additional instructions." The record then shows:

> MJ: Can you approach the bench and perhaps we can? Both counsel approached the bench.

An asterisk then appears, and in the margin is another asterisk and the following handprinted matter:

> DC: I'd like an instruction relating the intelligence level of a particular defendant to his degree of criminality, saying that a defendant with low mentality is less culpable than another . . .
>
> TC: I do not believe that's a correct statement of the law, your honor.
>
> MJ: I'll deny your request Mr. Blanton. Counsel returned to their respective tables. [note: Conference not recorded. Above is a summarization.] H.H.

Initials of both the trial counsel and the judge appear at the left of the marginal insertion.

Assuming that it was technically an error not to have fully recorded and transcribed exactly what was said at the side-bar conference, we are satisfied that the accused suffered no material prejudice, that the record correctly reports the substance of the discussion, and that characterization of the record as verbatim was not destroyed. The appellant did not show that anything of consequence was omitted from, or incorrectly reported in, the record, nor is there any assertion that the judge erred in not giving an additional instruction.

■ With regard to the contention that the bad conduct discharge is not an appropriate punishment in this case, it should be borne in mind that the bad conduct discharge was remitted on probation. Article 66(c) of the Code calls upon us to act "only with respect to the . . . sentence as approved by the convening authority." The convening authority did not determine that the accused should receive a punitive discharge; he gave the accused another chance. In our judgment the suspended discharge constitutes an appropriate sentence.

■ Appellant also assigned as error an alleged defect in proceedings to vacate

the suspension conducted on 19 February 1975. The record of trial herein was referred to this court for review on 12 February 1975. It is apparent that the vacation of suspension proceedings are not part of the record before us. Courts of military review are limited in making their sentence reviews to the record of trial and allied papers considered on review below. *United States v. Fagnan,* 12 U.S.C.M.A. 92, 30 C.M.R. 192 (1961), *United States v. Eitelberg,* 48 C.M.R. 927 (C.G.C.M.R. 1974). We cannot consider this assignment of error.

The findings and sentence as mitigated are affirmed.

ROSENWASSER, MAGUIRE and LYNCH, JJ., concurring.

Judges YOUNG and BROWN did not participate in the decision of this case.

LYNCH, Judge, concurring.

The language of the next-to-penultimate paragraph in the Opinion of the Court, dealing with the appropriateness of the sentence in this case, could be construed as implying that the sentence is appropriate only because the punitive discharge was suspended by the convening authority. I reject any inference or implication to that effect.

I am convinced by the entirety of the record before this Court that the sentence adjudged by the military jury, as approved and acted upon by the convening and reviewing authorities, is appropriate, and should be affirmed.