**UNITED STATES**

v.

**First Lieutenant Patrick V. MYERS, 565–96–9907 FV, United States Air Force.**

**ACM 26038.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 April 1987.

Decided 29 Oct. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Mark R. Bell and Major Harry L. Heintzelman, IV.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before FORAY, BLOMMERS and MURDOCK Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

Despite pleas to the contrary, the appellant was found guilty by a court, with members, of wrongful use of marijuana on divers occasions over a period of some fifteen months. The sentence, as adjudged and approved, extends to dismissal, confinement for three months and forfeiture of all pay and allowances. He now asserts two errors.

■ First, it is contended that the military judge erred by instructing the members that it was against Air Force policy to adjudge forfeitures in an amount between total forfeitures and two-thirds pay per month. We agree. Specifically, the military judge charged the members:

Keep in mind by virtue of an Air Force regulation no partial forfeitures may be adjudged which exceed two-thirds of the accused's monthly pay. So if in your discretion you decide to adjudge forfeitures, you may either adjudge total forfeitures and just indicate that on the charge sheet, or partial forfeitures. If you adjudge partial forfeitures, please take a look at the two-thirds limitation and make sure that partial forfeitures do not exceed that figure.

It is obvious that his instruction was based upon Air Force Regulation (A.F.R.) 111–1, Military Justice Guide, para. 7–11 (1 August 1984), which reads:

*Limitation Upon Forfeitures.* In a GCM case in which a partial forfeiture exceeding two-thirds pay per month is adjudged, the convening authority in the action will reduce the forfeiture to not more than two-thirds pay per month. If reduction is also involved, this principle applies to the pay of the lower grade.

As appellate defense counsel appropriately point out, the limitation is directed toward the convening authority, not court members. The only language in the present Manual regarding a limitation on forfeitures is also directed at convening authorities. *See* M.C.M., 1984, Discussion of R.C.M. 1107(d)(2); *see also* M.C.M., 1969, para. 88b. An instruction that the court-martial "... may not adjudge a sentence including forfeiture of more than two-thirds pay per month without also awarding a punitive discharge" was held erroneous. *United States v. Jobe,* 10 U.S.C.M.A. 276, 278, 27 C.M.R. 350, 352 (1959). *Cf. United States v. Warner,* 25 M.J. 64 (C.M.A.1987). In fact, the language in A.F.R. 111–1 implicitly recognizes there will be cases where partial forfeitures in excess of two-thirds pay will be adjudged, leading to an inference that it was not the intention of the regulation's drafters that this limitation be brought to the attention of court members. R.C.M. 1002 provides:

Subject to the *limitations in this Manual,* the sentence to be adjudged is a matter within the discretion of the court-martial; except when a mandatory minimum sentence is prescribed by the Code, a court-martial may adjudge *any punishment authorized* in this Manual, including the maximum punishment or any lessor punishment, or may adjudge a sentence of no punishment. *Emphasis added.*

Partial forfeiture of pay in any amount up to all pay is an authorized punishment. R.C.M. 1003(b)(2).

The appellant's total pay and allowances were $2,506.65 per month. His total basic pay was $2,011.20 per month, two-thirds of which is $1,340.00 (in whole dollars). Thus, had the instruction not been given, it is possible the court could have adjudged a partial forfeiture from two-thirds up to the appellant's total basic pay (a range of $671.00). Had it done so, and the convening authority reduced it to two-thirds as required by A.F.R. 111–1, para. 11–7, then the appellant would have been left with $1,166.00 pay and allowances per month. We cannot say such an amount is insubstantial. In this case, giving the instruction placed an improper restriction upon the members' discretion to select an appropriate punishment.

We are not unmindful that this Court recently addressed this question in *United*

*States v. Cook*, ACM 26002 (A.F.C.M.R. 13 August 1987) (unpublished opinion), concluding that giving such an instruction was not an abuse of discretion by the military judge. However, the *Cook* case is distinguishable. In *Cook* the accused had a pretrial agreement which provided: "No forfeitures will be approved leaving less than $100.00 per month owing to the accused." Total forfeitures were adjudged, and the convening authority reduced them accordingly, leaving the accused $100.00 pay per month plus allowances. As our Court noted, the instruction affected sentencing options only slightly, stating further: "By no stretch of the imagination is a military judge required to tailor sentencing instructions, or omit instructions he might otherwise give, solely to provide an accused a greater opportunity to improve on a particular negotiated sentence limitation." *Id.* at 2. We also note from the record of trial in *Cook* that the instruction was specifically discussed at an Article 39a session, and trial defense counsel entered no objection to it. In the case *sub judice*, the record does not indicate any discussion about such an instruction before the military judge charged the members in open court.

█ The instruction in this case does not, however, rise to the level of "plain error" as suggested by appellate defense counsel, citing *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986). At the conclusion of his sentencing instructions to the members, the military judge inquired: "Now does counsel for either side desire any additional instructions not already requested or are there any other objections not already previously made?" Both trial counsel and defense counsel replied: "No, sir." Thus, in the absence of plain error, the instructional defect is waived. R.C.M. 1005(f).

In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberations." The plain error doctrine is invoked to rectify those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." As a consequence, it "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."

To determine whether plain error has occurred in this case, then, the claim must be evaluated against the entire record, keeping these principles in mind. (Citations omitted.)

*United States v. Fisher, supra,* at 328–29. In *Fisher*, the military judge failed to instruct on the mitigating effects of a guilty plea and failed to instruct the members to vote on proposed sentences "beginning with the lightest". In neither instance did the Court find the omission "constituted plain error justifying reversal in spite of the lack of timely objection." *Id.* at 329.

In the present case, the appellant was convicted of use of an unlawful controlled substance over a substantial period of time. Testimony was adduced at trial that a few of the uses occurred in the presence of enlisted personnel, and that on at least one occasion the appellant was in military uniform. The sentence adjudged was considerably less than the maximum authorized punishment. Based upon the entire record, there is no material prejudice to the appellant's substantial rights. M.R.E. 103(d).

Although not a principal factor in reaching the above conclusion, we also note from the allied papers in the record that, after serving his sentence to confinement, the appellant was immediately placed on appellate leave. Article 76a, U.C.M.J., 10 U.S.C. § 876a. Except for compensation for accrued leave, the appellant will receive no pay or allowances while serving in this status, but will be free to seek any kind of civilian employment he may desire. *See* A.F.R. 35–9, Leave and Administrative Absence Policy, para. 1–16 (1 October 1986); A.F.R. 111–1, para. 15–1.

█ The other error asserted is that discussion of matters during the trial in unrecorded R.C.M. 802 conferences renders the record incomplete so that appellant's adjudged dismissal cannot be approved or executed. Article 54(a), U.C.M.J., 10 U.S.C. § 854(a); R.C.M. 1103(b)(2)(B). Affidavits from the appellant's civilian counsel and trial defense counsel have been submitted

on this issue. From the record, it appears to us that at least eight such conferences were held; the affidavits identify six. Matters discussed at these conferences included review of documentary evidence to be offered and preliminary positions of each side regarding their admissibility; number of witnesses that would be called, prosecution's efforts to obtain presence of a witness requested by the defense, and the parties' positions on certain lines of inquiry to be directed to at least two of the witnesses; manner in which the trial would proceed; where the court members would deliberate; and, preliminary review of pre-findings and pre-sentencing instructions, including ones specially requested by the parties. Having carefully reviewed the entire record, we are convinced that all matters discussed related to subjects clearly within the scope of the rule so as to invoke its waiver provision (802(b)), or were subsequently raised and/or litigated on the record. The record is substantially verbatim. However, we *again* caution counsel and military judges that substantive parts of trial proceedings simply cannot go unrecorded. "R.C.M. 802 conferences are primarily for discussions of routine or administrative matters, not central trial issues." *United States v. Garcia,* 24 M.J. 518, 519 (A.F.C.M.R.1987). *See also United States v. Desciscio,* 22 M.J. 684 (A.F.C.M.R.1986); *United States v. Porta,* 14 M.J. 622 (A.F.C.M.R.1982).

Having examined the record of trial, the assignment of errors and the government's reply thereto, we have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.