**UNITED STATES, Appellee,**

v.

**Specialist Four Israel CHAVIRA, 463–25–3227, United States Army, Appellant.**

**ACMR 8700273.**

U.S. Army Court of Military Review.

11 Dec. 1987.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before COKER, KENNETT, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

On 30 January 1987 and contrary to his pleas, appellant was convicted by a general court-martial, composed of officer and enlisted members, of two incidents of distributing heroin in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I, 1983) [hereinafter UCMJ]. His adjudged sentence of a bad-conduct discharge, confinement for twelve months, forfeiture of $300.00 pay per month for six months, and reduction to Private E–1 was approved by the convening authority. Here, as at trial, appellant alleges that the court-martial had no jurisdiction because the military judge improperly directed the detail of the members who composed the court-martial. We disagree.

On 27 January 1987, a general court-martial, convened by Court–Martial Convening Order (CMCO) Number 77, Headquarters, 21st Support Command, dated 26 November 1986, tried another soldier for offenses similar but unrelated to those allegedly committed by appellant. It was a contested case, and two of the government witnesses in that case were scheduled to be witnesses in appellant's case, presumably to provide similar testimony. The earlier accused was convicted and his sentence included a dishonorable discharge, confinement for two years, and total forfeitures. Appellant's case had been referred for trial to the same court-martial on 7 January 1987. On 27 or 28 January 1987, the military judge, in an *ex parte* communication

with the trial counsel, "strongly suggested ... that we get a different panel. ... I [the military judge], basically, directed that they get a different panel. I didn't order them to, but the government was also against getting a new panel." The reason given by the military judge for his directive was that:

[I]t seemed like to me that the credibility of those two witnesses would be so important that it would be more fair to you [the accused] to have a different panel sit, so they wouldn't be prejudiced by any preconceived ideas as to the credibility of these witnesses and hold that against you in anyway [sic].

Subsequently, the original convening order was amended by CMCO Number 3, Headquarters, 21st Support Command, dated 28 January 1987, which detailed a completely new panel. Appellant and his counsel did not receive a copy of this order until the morning of appellant's trial on 30 January 1987. Defense counsel's objection to trial with the newly detailed panel was overruled.

■ Prior to 1984 and the issuance of Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], all communications between the military judge and counsel to a case were required to be in the presence of both trial and defense counsel, the accused, and a court reporter. Article 39(a), UCMJ. With the publication of M.C.M., 1984, the military judge may hold a conference in the presence of both counsel to consider matters as will promote a fair and expeditious trial. M.C.M., 1984, Rule for Courts–Martial [hereinafter R.C.M.] 802. This is a new rule based on Federal Rule of Criminal Procedure 17.1, and was designed to authorize a growing practice in the conduct of courts-martial. *See* M.C.M., 1984, Analysis of R.C.M. 802, App. 21, A21–39. It is not necessary to discuss R.C.M. 802 in detail for resolution of this case. The military judge made no assertion that his conversation with trial counsel was a conference within the meaning of

R.C.M. 802. Indeed, he could not, as the rule requires the presence of both parties although the presence of the accused is not required.[1] We conclude that the communication at issue was not made within the authority of either Article 39(a) or R.C.M. 802. However, Article 39(a) and R.C.M. 802 do not prohibit all *ex parte* communications. It is permissible to discuss, *ex parte*, purely routine and undisputed administrative matters such as the uniform to be worn at court or scheduling of cases. R.C.M. 802 analysis at A21–39.

■ This court must determine, therefore, whether the military judge's *ex parte* communication was improper and, if so, whether prejudice resulted to appellant. Initially, we hold that the communication was improper. It is axiomatic that an accused is to be tried by court members who are unbiased as to findings and sentence. *See United States v. Smart*, 21 M.J. 15, 19–20 (C.M.A.1985). An issue concerning the bias of potential court members is not a routine and undisputed administrative matter. It is an essential issue, not only to an individual case, but also to the system of criminal justice in the military. The resolution of such an issue in a referred case could be raised at an R.C.M. 802 conference to notify the parties of the potential problem and initiate corrective action. It more appropriately should be raised at an Article 39(a) session, where the military judge has the authority to direct that the problem be presented to the convening authority for final resolution. Certainly, the military judge could conduct, or permit counsel to conduct, an extensive voir dire examination of the members. Any of these resolutions was within the authority of the military judge and would fulfill his responsibilities to the court. R.C.M. 801(a)(3). To address the issue in an *ex parte* fashion was error. R.C.M. 801(f); *United States v. Priest*, 42 C.M.R. 48 (C.M.A.1970) (Discussion between military judge and staff judge advocate on application of pretrial agreement was improper.); *United States v. Dean*, 13

---

**1.** *But see United States v. Garcia,* 24 M.J. 518 (A.F.C.M.R.1987). Apparently the Air Force Court does not require the presence of both parties. Further, it appears to restrict an R.C.M. 802 conference to routine and administrative matters.

M.J. 676 (A.F.C.M.R.1982) (*Ex parte* discussion of case by military judge with potential witness was improper.). We imply no improper motive or malicious purpose to the military judge's action. Rather, we perceive an action designed to accomplish the ends of justice, but performed contrary to the rules of the law.

 We do not find that this error was prejudicial to appellant. The convening authority is charged by law to detail members to serve on a court-martial and is required to detail those members who are best qualified. Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2); *United States v. Jette*, 25 M.J. 16, 18 (C.M.A.1987); *United States v. McClain*, 22 M.J. 124, 130 (C.M.A.1986). He is authorized to change the membership, and, if done before assembly of the court-martial, may change the members without showing cause. R.C.M. 505(a) and (c)(1). The military judge has no authority to detail members or to change members. Any attempt to do so, or order to the convening authority to do so, is beyond the scope of the military judge's authority and would be a serious abuse of discretion. *See United States v. Travers*, 25 M.J. 61, 62–63 (C.M.A.1987) (discussing abuse of discretion). It is clear from the record in this case that the members who were detailed by CMCO Number 3 were selected and detailed to appellant's court-martial by the convening authority in accordance with law. The change of the members was made by him two days prior to trial. While this change may have been triggered by the strong suggestion or direction by the military judge to the trial counsel, there is no evidence that the convening authority acted improperly in making the change. Rather, the evidence shows that the convening authority acted independently in correcting a potential error and in ensuring a fair trial for appellant. We conclude that the detail of new members was a proper exercise of authority by the convening authority and completely insulated appellant from the erroneous action by the military judge. Moreover, there is no support in the record for defense counsel's allegation that the government changed the members in order to eliminate a lenient court.[2] Last, any possible prejudice in the late notice to appellant of the changed membership was cured by the military judge allowing extensive voir dire examination by the defense counsel, and in granting the single challenge for cause made by the defense counsel.

The remaining assignment of error, and those errors brought to our attention personally by appellant, are without merit.

The findings of guilty and the sentence are affirmed.

Judge KENNETT and Judge ROBBLEE concur.

---

2. It is interesting to compare the sentence adjudged in the similar case by the replaced members, a dishonorable discharge, confinement for two years, and total forfeitures, with that adjudged by the new members in appellant's case, a bad-conduct discharge, confinement for twelve months, and partial forfeitures.