UNITED STATES

v.

**Senior Airman Jerome McEWEN, FR 108–54–9672, United States Air Force.**

**ACM 26372.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 July 1987.
Decided 7 March 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Flight Lieutenant W.J.T. Brotchie, RAAF.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant was found guilty, pursuant to his pleas, of wrongful use of cocaine on divers occasions. He was sentenced by a panel of members to a bad conduct discharge, confinement for one year and six months, forfeiture of $438.00 per month for 18 months and reduction to airman basic. Acting in accordance with the terms of a pretrial agreement sentence limitation the convening authority approved only so much

of the sentence as provided for a bad conduct discharge, confinement for 12 months, forfeiture of $438.00 per month for 12 months and reduction to airman basic.

 Appellate defense counsel assert that the trial counsel was permitted improper cross-examination of a defense sentencing witness through questions that implied that the appellant had wrongfully used marijuana, an offense not charged, and that he was a cocaine addict. We dispose of the second portion of this assignment by noting that the trial counsel referred to cocaine addiction at two separate points in his cross-examination of the witness. When these questions are considered in context neither conveys an implication that the appellant was addicted, nor could they reasonably be so construed. As a matter of fact, the questions clearly convey a contrary implication, that the appellant was not suffering from an addiction and, thus, would not benefit from rehabilitation. This was a relevant line of inquiry in light of the witness' opinions, as elicited on direct examination, that the appellant demonstrated good potential for rehabilitation and for retention on active duty. The trial counsel had a legitimate interest in exploring what form of rehabilitation the witness was referring to. It is apparent that the trial defense counsel drew no insidious inference from the questions as she failed to object. Any error was waived. Mil.R.Evid. 103(a)(1).

 The subject of wrongful use of marijuana was introduced into the cross-examination of the defense sentencing witness, without objection, in the following manner:

Q. Are you aware that he made a statement that he quit using marijuana because he was afraid to get caught in a urinalysis test?

A. No, this is my first knowledge of him having used marijuana.

Q. If he made that kind of statement, would that make a difference in your opinion as to his rehabilitation potential?

A. I'm sure it would.

Assuming the trial counsel had a good faith basis for posing the question, we conclude that this line of cross-examination was relevant. Mil.R.Evid. 405(a). *See* S. Saltzburg, L. Schinasi, D. Schleuter, *Military Rules of Evidence Manual*, Second Edition (1986), p. 382. It appears that the trial counsel did have a good faith basis for propounding the questions in this case, as shortly thereafter he proffered to the witness a document purporting to be a statement executed by the appellant upon being questioned by Dutch police authorities. Although the document was not subsequently offered as an exhibit, neither its validity nor the good faith nature of the questions were challenged by the defense counsel.

We distinguish this situation from *United States v. Kitching*, 23 M.J. 601 (A.F.C.M.R.1986), *pet. denied*, 24 M.J. 441 (1987). In that instance we condemned as "a gratuitous character assassination" the cross-examination of the accused's civilian supervisor concerning purported incidents of uncharged misconduct. *Id.*, at 606. However, the key to our holding in *Kitching* was that the defense sentencing witness in that case had not provided character testimony so as to be subject to Mil.R.Evid. 405(a) cross-examination. While the witness in *Kitching* had testified that he would be willing to hire the accused in a civilian capacity, his opinion was clearly addressed only to his technical qualifications and did not represent an assessment of the accused's "whole man" qualities. 23 M.J., at 605. In the instant case a noncommissioned officer supervisor was the witness. He discussed not only the appellant's fine job performance but the various personal factors which may have contributed to the appellant's drug abuse. In providing positive opinions concerning his potential for rehabilitation and retention in the service he was clearly vouching for him as a "whole man," not merely as one who could be depended on to perform satisfactorily during normal duty hours. Under the circumstances the cross-examination as to marijuana use was relevant and proper.[1]

---

1. Our holding in no way implies any inherent difference in opinions offered concerning an

We note that the trial counsel asked for a brief recess shortly after posing the questions on marijuana involvement by the appellant. When the parties reassembled in an Article 39(a), U.C.M.J., session, the following dialogue occurred:

MJ, Very well. For the record, during the recess, counsel conferenced [sic] with me concerning the issue, if there was one, of the trial counsel having referred to a statement allegedly made by the accused concerning marijuana use and not arguing positions on that issue, if there was one, but the order on how it would be approached. Defense counsel indicated that she did not desire to pursue the matter and desire [sic] that we instead reconvene and continue at the point from which we recessed the court.

Any objections as to my summary?

DC. None from defense.

TC. No, Your Honor.

We have set forth the above quoted portion of the trial, as it is clear that the parties had an "off the record" discussion of matters germane to the assignment of error under consideration. We have noted an increasing use of such impromptu R.C.M. 802 conferences as was apparently conducted in this instance. We do not discourage their use, as we assume they serve to expedite the trial of cases. *But see, United States v. Garcia,* 24 M.J. 518 (A.F.C.M.R.1987), wherein we set aside findings of guilty and the sentence after concluding that R.C.M. 802 was abused when a question relating to providence of pleas was discussed in conference and was not adequately summarized on the record. Herein, while we have a stated summarization of what transpired in conference, such summarization is not entirely clear.[2] However, we are satisfied that the defense counsel, by her acquiescence in the military judge's summarization, acknowledged that she did not object to the line of questioning concerning the appellant's marijuana use.

accused by noncommissioned officers as opposed to those offered by civilians. The key is in the apparent basis for and scope of the opinion regardless of who is offering it.

Based on our prior discussion, we obviously do not conclude that the military judge committed plain error in failing *sua sponte* to strike the questions and responses that are now challenged on review. Mil.R.Evid. 103(a)(1), 103(d).

We have examined the other errors assigned and find them to be without merit. We conclude that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. R.C.M. 1005(f). Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge BLOMMERS concur.

2. Appellate defense counsel have not cited as error the lack of a substantially verbatim record. We would not sustain such a claim in this case. *Cf. United States v. Desciscio,* 22 M.J. 684 (A.F.C.M.R.1986).