**UNITED STATES, Appellee,**

v.

**Private E–1 David C.F. DIBB, 536–92–4579, United States Army, Appellant.**

**ACMR 8702409.**

U.S. Army Court of Military Review.

June 30, 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before COKER, GILLEY, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

In accordance with his pleas, appellant was convicted of four specifications of issuing worthless checks by dishonorably failing to maintain sufficient funds in his account in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. sec. 934 (1982) [hereinafter UCMJ]. Contrary to his plea, he was convicted of a fifth specification for the same offense committed subsequent to the first four specifications. His adjudged sentence of a bad-conduct discharge, confinement for forty-five days, forfeiture of $300.00 pay per month for two months, and reduction to the grade of Private E–1 was approved by the convening authority.

On appeal, appellant alleges that the military judge erred in denying a defense motion to call two witnesses. The witnesses, appellant's mother and a clinical psychologist, would have testified regarding the psychological effects of a transient mental disturbance caused by sensitivity to urea formaldehyde gas. Appellant contends here, as he did on motion at trial, that the disturbance negated the mens rea necessary to establish the dishonorable nature of his acts;[1] thus, the denial of the witnesses

---

1. Appellant specifically rejected the alleged transient mental disturbance as a mental defect or disease. Therefore, the last sentence of Article 58a(a), UCMJ, 10 U.S.C. § 858a(a), and Manual

deprived him of his right to present a defense to the charge. Appellant also claims that the subsequent pleas of guilty, being inconsistent with the proffered evidence, were improvident.

The military judge denied the request for the witnesses on the basis that the evidence was not relevant under Military Rule of Evidence (Rule) 702, M.C.M., 1984, in that the defense made no proffer that appellant presently suffered from such a mental disturbance, that the physiological condition caused a psychological reaction, or that the military environment in which appellant lived and worked contained substances that would trigger an onset of the mental disturbance.[2] We agree with this ruling.

Under the provisions of Rule 702, the military judge must find a nexus between the proffered expert testimony and the particular factual issues in the case. *United States v. Gipson*, 24 M.J. 246, 251 (C.M.A.1987). No such connection between the requested witnesses' testimony and the acts of the appellant was presented by appellant's proffer. Defense counsel made no reasonable evidentiary proffer at all regarding one of the elements of a proper foundation, despite being granted a lengthy continuance in order to develop such evidence. See footnote 2, *supra*. Further, although some basis of expertise was proffered as to the clinical psychologist, none was proffered as to appellant's mother. Regardless of the reliability and soundness of the proffered testimony as expert opinion, it did not meet the basic requirements for relevance and materiality under Rule for Courts–Martial 703(b)(1) and Rule 402, and was properly excluded.

*See United States v. Tangpuz*, 5 M.J. 426 (C.M.A.1978).

Appellant's allegation that his pleas were improvident due to his earlier request for witnesses is similarly without merit. During his inquiry on appellant's plea of guilty, the military judge explained the elements of the offenses charged, and in particular that the failure to maintain sufficient funds must be dishonorable. Appellant described the dishonorable nature of his acts as fraudulent, deceitful, and "stealing." The military judge established a complete basis for the pleas of guilty through personal inquiry of appellant in accordance with *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). Appellant made no reference at all to the information proffered during his request for witnesses. We note additionally that the military judge specifically emphasized to appellant that his pleas would waive any error the judge may have made in denying the request for witnesses. Appellant acknowledged that result but persisted in his pleas.[3] No matters inconsistent with guilt were raised *after* entry of appellant's pleas. *See* UCMJ art. 45(a), 10 U.S.C. § 845(a). Accordingly, appellant's pleas of guilty were provident.

The findings of guilty and the sentence are affirmed.

Judge KENNETT concurs.

Judge GILLEY took no part in the decision of this case.

---

for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Rule for Courts–Martial [hereinafter R.C.M.] 916(k)(2) (C3, 1 Jun. 1987) do not apply to this case. *See Ellis v. Jacob*, 26 M.J. 90, 93 (C.M.A.1988).

2. At the initial Article 39(a), UCMJ, session, defense counsel stated that he had requested a technical evaluation of appellant's present environment to determine if it contained substances that might emit urea formaldehyde gas. He made no further comment on this issue and did not include any evidence on the issue in his subsequent proffer of evidence.

3. The military judge was correct in his advice. "A plea of guilty which results in a finding of guilty waives any objection ... insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made." R.C.M. 910(j). *See also* R.C.M. 910(c)(4). As argued by appellant, the excluded testimony related solely to the factual issue of appellant's intent when uttering the checks. Thus, his subsequent pleas of guilty to four of the specifications waived any error in the ruling with regard to those specifications. *See United States v. Dusenberry*, 49 C.M.R. 536 (C.M.A.1975).