UNITED STATES

v.

**Darren J. STEWART, Seaman, U.S. Coast Guard.**

**CGCM 0008. Docket No. 906.**

U.S. Coast Guard Court of Military Review.

27 Sept. 1989.

Trial Counsel: LCDR Michael J. Devine, USCG.

Defense Counsel: LT Arne O. Denny, USCG.

Civilian Defense Counsel: William H. Forman, Jr.

Appellate Government Counsel: LCDR Arthur R. Butler, USCG (On Brief), LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG (On Brief), LCDR James Collin, USCG.

Before Panel Two BAUM, BARRY and GRACE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was convicted by an officer member general Court-martial of one specification of attempted larceny, six specifications of larceny, and seven specifications of forgery in violation of Articles 80, 121, and 123 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 921, 923, after pleading guilty to one specification of forgery and not guilty to the remaining offenses. The court sentenced appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances and reduction to pay grade E–1. The convening authority approved the sentence, but suspended for a period of one year all confinement in excess of three years.

Before this court appellant has assigned the following six errors:

### Error I

That the military judge erred in denying appellant's motion for new pretrial advice to the convening authority to meet the terms of Article 34, UCMJ, 10 U.S.C. § 834.

### Error II

That the record of trial is not verbatim as a result of a failure to include discussions of instructions for findings and sentencing held by the military judge and counsel in two unrecorded conferences.

### Error III

That the military judge erred in failing to find the seven forgery specifications multiplicious for sentencing with the attempted larceny and larceny specifications.

*Error IV*

That the military judge erred in refusing to admit in evidence, as part of the defense case in surrebuttal, appellant's notes regarding his handling of checks.

*Error V*

That the military judge erred in applying *Solorio v. U.S.* 483 U.S. 435 [107 S.Ct. 2924, 97 L.Ed.2d 364] (1987) retroactively.

*Error VI*

That appellant's sentence is disproportionately severe.

After review pursuant to Article 66, UCMJ, 10 U.S.C. § 866, of this four-day-contested-trial record, we have concluded that assigned errors I through V are without merit. The findings are correct in law and fact and should be approved. The sentence is legally correct but, after considering assigned error VI, we have determined that a lesser sentence is more appropriate for this accused and the offenses committed.

*Assignment of Error I*

■ With respect to assignment of error I, we find that the law specialist who signed the pretrial advice was properly designated by the convening authority as his staff judge advocate and that no law or regulation prohibited such designation by the convening authority. The military judge found such to be the case and that the advice provided by the Staff Judge Advocate met the requirements of Article 34, UCMJ. We concur in all respects with the judge's determinations on this matter.

*Assignment of Error II*

■ With regard to Assignment II, we note at the outset that RCM 1103 in MCM, 1984 and Chapter 5, Section A of the Coast Guard Military Justice Manual, promulgated on 16 Oct.1987, continue the requirement, first established in Paragraphs 83 and 84 of MCM, 1951, for a verbatim record of trial whenever general and special courts-martial result in sentences which mandate consideration by a Court of Military Review. Interpretation of this verbatim record requirement by the U.S. Court of Military Appeals has resulted in

the settled principle that, "[i]nsubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. *U.S. v. Donati,* 14 U.S.C.M.A. 235, 34 C.M.R. 15(1963); *U.S. v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953)." *U.S. v. Boxdale,* 22 U.S.C.M.A. 414, 415, 47 C.M.R. 351, 352 (1973). Furthermore, as pointed out in *U.S. v. Martin,* 5 MJ 657 (NCMR 1978), failure to record every bench conference between trial judge and counsel will not necessarily affect the verbatim nature of the record. In fact, the Court of Military Appeals in *U.S. v. Richardson,* 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972), determined that the record of trial was verbatim, despite just such an unrecorded bench conference relating to sentencing instructions.

■ Here, appellant contends that two unrecorded conferences on instructions, the first relating to findings and the second to sentence, present us with a non-verbatim record which requires, at a minimum, that we disapprove any part of the sentence in excess of six months confinement, forfeiture of two thirds pay per month for six months and reduction to pay grade E–1. Furthermore, he asserts that if defects regarding instructions on findings create uncertainty about the propriety of the findings of guilty, then the findings and sentence should be set aside.

Based on *U.S. v. Richardson,* supra, and subsequent cases which have reached the same result, *U.S. v. Rowser,* 2 MJ 1160 (CGCMR 1975)[1] *U.S. v. Porta,* 14 MJ 622 (AFCMR 1982); *U.S. v. Perry,* 12 MJ 920 (NMCMR 1982), our approach to resolving the verbatim issue in assignment four would be to follow the principle of *U.S. v. Boxdale,* supra, and determine whether the missing discussions on instructions were substantial omissions. Today, however, resolution of this issue must be made in a manner consistent with RCM 802, which expressly addresses unrecorded conferences. That rule, promulgated for the first time in the Manual for Courts–Martial, 1984, authorizes the military judge, to "or-

---

1. *U.S. v. Rowser,* a Coast Guard opinion, is incorrectly referred to in 2 MJ 1160 as a U.S. Navy

Court of Military Review decision.

der one or more conferences with the parties to consider such matters as will promote a fair and expeditious trial." RCM 802(a), MCM 1984. The rule goes on to provide as follows:

> (b) *Matters on record.* Conferences need not be made part of the record, but matters agreed upon at a conference shall be included in the record orally or in writing. Failure of a party to object at trial to failure to comply with this subsection shall waive this requirement.
>
> (c) *Rights of parties.* A conference shall not proceed over the objection of any party. No party may be prevented under this rule from presenting evidence or from making any argument, objection, or motion at trial.

The affidavit submitted by appellant's trial defense counsel, while implying a possible misuse of the RCM 802 conferences, does not expressly assert that the sessions at issue here were utilized in any manner contrary to the provisions of Rule 802. Moreover, there was no objection on the record as to the conferences, the matters discussed, or the manner of noting or not noting them on the record. Accordingly, if proposed instructions are a proper matter for such discussions under this rule, then the waiver provision in Rule 802(b) should settle any issue.

■ There are very few cases on this specific subject. In fact, no Court of Military Appeals decision directly addressing the question of the proper scope of an RCM 802 conference has been discovered. Only four opinions dealing at all with RCM 802 conferences have been found, *U.S. v. Chavia*, 25 MJ 705 (ACMR 1987); *U.S. v. Myers*, 25 MJ 573 (AFCMR 1987); *U.S. v. Garcia*, 24 MJ 518 (AFCMR 1987) and *U.S. v. Desciscio*, 22 MJ 684 (AFCMR 1986). *U.S. v. Garcia*, supra, appears to take a position that would limit RCM 802 conferences solely to "routine or administrative matters," Id at 519 and 520, yet, the author judge and one of those concurring in *Garcia*, later concurred in *U.S. v. Myers*, which appears to have found a number of subjects, not normally considered routine or administrative, within the proper scope of RCM 802 conferences, including instruc-

tions on findings and sentence. Although neither the Manual for Courts–Martial discussion relating to RCM 802 nor the analysis in Appendix 21 of the Manual specifically refers to instructions as a proper subject for such conferences, it is clear to us, as it appears to be to the Air Force Court of Military Review in *U.S. v. Myers*, supra, that this topic is included within the scope of the rule.

The Appendix 21 analysis of Rule 802 reveals that the rule is based on Federal Rule of Criminal Procedure 17–1, but is broader and more detailed than the Federal Rule, providing express authority for what was already common practice in many courts-martial. As indicated from earlier pre–1984 cases that have been cited, the judge's instructions were an accepted subject for off-the-record discussions prior to promulgation of RCM 802. As such, they, presumably, would be one of the common practices encompassed by the rule. Furthermore, the analysis notes in Appendix 21 that, although litigating and deciding issues at these unrecorded conferences is not proper, questions of law may be discussed and issues resolved *if all parties are in agreement.* We believe that findings and sentence instructions certainly fall within this broad mantle, with the caveat that RCM 802 discussions of instructions should be held precisely in accord with the rule's requirement for agreement by all parties to the matters discussed. Litigation of contested issues at such off-the-record conferences is clearly to be avoided.

In light of our conclusion that the terms of RCM 802 permit discussions of proposed instructions, we deem the issues raised for the first time before this Court with respect to the unrecorded conferences to have been waived by the defense's failure to object at trial. Notwithstanding indications in the detailed defense counsel's affidavit that issues may have been litigated and decided at these conferences, the absence of any indication on the record that there may have been disagreement on this subject convinces us otherwise. Failure to raise any objections prompts us to conclude that detailed defense counsel and the civil-

ian defense counsel, as well as the trial counsel, were all in agreement with the matters resolved at the 802 conference and with the instructions ultimately given to the members. We also find that the asserted shortcomings in those instructions, which have also been raised for the first time in Assignment II, are also deemed waived. We have reviewed the findings and sentencing instructions for possible plain error, however, and, applying the guidance from *U.S. v. Fisher*, 21 MJ 327 (CMA 1986), we find none. Assignment of Error II, accordingly, is rejected.

### Assignment of Error III

◼ Appellant contends in assignment of error III that the forgery specifications are multiplicious for sentencing purposes with the larceny and attempted larceny specifications and that the military judge erred by failing to so find. We disagree. Applying the principles set out in *U.S. v. Turner*, 28 MJ 556 (CGCMR 1989) and *U.S. v. Howard*, 24 MJ 897 (CGCMR 1987), we have determined that these offenses are not multiplicious for sentencing. The judge's handling of this matter was correct and assignment of error III is rejected.

### Assignment of Error IV

◼ Appellant's fourth assignment of error challenges the judge's ruling that certain evidence offered by the defense in surrebuttal was inadmissible. Appellant's brief refers to that evidence as a personal log of checks he had handled in the course of working for YN1 Killebrew, a prosecution witness with overall responsibility for checks mailed to the command for delivery to individual payees. YN1 Killebrew had testified concerning his procedure of logging in all the checks received for delivery to others. He also stated that the accused assisted him in dealing with these checks, but only after YN1 Killebrew had entered them in his log and then only to locate the payees. YN1 Killebrew testified that in tracking these people down for him there was no reason for the accused to handle the checks and the accused was not so authorized. The accused testified, in response, that he handled checks for YN1

Killebrew all the time, even before they were logged in, which accounted for government expert witness testimony that the accused's fingerprints were on certain alleged checks. Thereafter, YN1 Killebrew was called in rebuttal and presented his record of checks received, which was admitted in evidence. That log book did not reflect any of the checks described in the larceny and forgery allegations against the accused and, therefore, according to YN1 Killebrew they were never received by him. YN1 Killebrew also reiterated that the accused was not authorized to handle these or any other checks.

After YN1 Killebrew testified in rebuttal, the accused was recalled in surrebuttal and the defense attempted to enter in evidence the accused's own personal record of checks with which he had worked. The government objected to those documents on the basis that they were hearsay and that offering them, without prior notification to the Government, violated an earlier Government discovery request. In response, defense counsel indicated that he, himself, had just received this "log" that very morning. The judge, after hearing argument on the admissibility of the evidence, excluded it with the following explanation:

> MJ: All right. Based on the fact that I cannot make a determination as to when these statements were made; and based on the fact that the Government has asked, pursuant to their discovery request, for papers that the Defense was going to use, I find the offering of this matter at this time untimely and therefore, I will not allow it.
>
> DC: Your Honor, may you allow it for recorded recollection?
>
> MJ: It's still untimely, Mr. Denny. You've waited until the last hour and it's sandbagging and I will not allow that.

R at Vol. IV, p. 21.

◼ We believe the judge erred on this matter. As pointed out in appellant's brief, the defense was only obligated to provide information relating to its case in chief, not surrebuttal evidence. D. Schlueter, *Mili-*

*tary Criminal Justice: Practice and Procedure* (2d. ed. 1987) § 10–5(b), p. 259. Accord RCM 701(b)(3). In any event, even if appellant was required to make known this information to the Government in advance, exclusion of the evidence on the basis that the defense failed to comply with the discovery rule would appear to be an abuse of discretion in light of defense counsel's statement that he had not received the evidence until the accused provided it that morning. See RCM 701(g)(3) and the discussion following the rule. Affording the government ample time to respond may have been a more appropriate approach by the judge. Furthermore, the judge's other stated reason for denying admission, that he was unable to determine when the statements were made, possibly could have been cleared up through questions to the accused, who was on the witness stand when the documents were offered. Defense counsel, in fact, indicated that the accused could testify to matters that possibly would have provided a necessary foundation for admission, but was precluded from doing so by the judge because of his determination that the offer was untimely.

The judge erred in foreclosing the defense from establishing a proper foundation for admission of the accused's "personal log" as a prior consistent statement under MRE 801(d)(1)(B) or a recorded recollection under MRE 803(5). The resultant exclusion of this evidence is not *per se*, reversible error, however. *U.S. v. Jones*, 26 MJ 197, 201 (CMA 1988). *Jones*, tells us that we must weigh the relative strengths of the Government's case against that of the accused, the materiality of the evidence, and the quality of the excluded evidence before deciding the effect of the judge's error. See also, *U.S. v. Weeks*, 20 MJ 22 (CMA 1985), which set forth a four pronged analysis to test for prejudice. Upon application of the *Jones* and *Weeks* tests, we have concluded that no prejudice resulted from exclusion of the defense evidence.

The Government's case against the accused was very strong, including, among other things:

(1) testimony from YN1 Killebrew that he received checks in unopened mail, which he logged in after opening the sealed envelopes himself, and that the accused was not one of two other people authorized to handle such checks;

(2) testimony by the Chief Petty Officer supervisor of the accused and YN1 Killebrew that the accused, as alternate mail orderly, at times had access to mail, but had no authority to open that mail;

(3) expert testimony that the accused's fingerprints were on cashed checks never received and logged in by YN1 Killebrew;

(4) expert witness testimony that check endorsement handwriting was that of the accused;

(5) evidence that the accused had a bank account at the bank where the checks were cashed and that he was positively identified by bank personnel when attempting to cash the check alleged in the attempted larceny specification.

In his defense, the accused denied committing the offenses and presented an array of witnesses, military and civilian, attesting to his honesty and good character. In testifying, however, the accused acknowledged having access to the alleged checks and accounted for his fingerprints on those checks by stating that he worked with checks all the time, even before they were logged in by YN1 Killebrew. It was this testimony that the proffered documents were supposed to corroborate, in order to counter YN1 Killebrew's testimony to the contrary. Rather than strengthening the defense position, however, we view such evidence as buttressing the government's case.

The conflict between YN1 Killebrew's testimony and the accused's as to whether the accused had authority to handle checks was, in our view, relatively unimportant from an overall perspective. The important point is that the accused had access to the checks, whether it was with or without authority. By his own sworn testimony the accused established that access, and that he, in fact, handled the checks in question. Since the excluded evidence was merely intended to corroborate the ac-

cused's contention that such access was authorized, we see no harm to the accused from its exclusion.

Accepting the accused's testimony as true, that he had authority to handle the checks, leaves him in no better position, since neither the excluded evidence nor the accused in his own testimony provided an explanation why cashed checks with the accused's fingerprints on them were never received by YN1 Killebrew. Tellingly, the accused acknowledged on cross-examination that he was unable to explain why those checks never reached YN1 Killebrew. We are convinced that no prejudice resulted from the judge's ruling excluding the accused's "personal log". For this reason, assignment of error IV is rejected.

### Assignment of Error V

The issue of the retroactive application of *Solorio v. United States*, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987) in assignment of error V was decided by the Court of Military Appeals in *U.S. v. Avila*, 27 MJ 62 (CMA 1988) subsequent to the filing of the defense brief. In light of that ruling of

retroactive application, assignment of error V is rejected.

### Assignment of Error VI

 Appellant contends in his last assignment that his sentence is disproportionately severe. While the offenses are serious and warrant stern punishment, we agree with appellant that five years confinement for this first offender, with an otherwise favorable record, is overly severe. We will reduce it accordingly.

In light of the foregoing, the findings of guilty are affirmed.[2] However, only so much of the sentence as provides for a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances and reduction to E–1 is affirmed.

Judges BARRY and GRACE concur.

---

**2.** Appellate defense counsel has accurately noted in his brief that the court-martial order erroneously indicates a larceny of $386.48 in specification 2 of charge II rather than the proper amount of $376.48. The court-martial order should be corrected to reflect the proper amount of that larceny.