# UNITED STATES

### v.

## Senior Airman John W. SNEED, Jr., FR 235–96–8121, United States Air Force.

### ACM 28191.

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Nov. 1989.

Decided 13 Dec. 1990.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Bernard E. Doyle, Jr. and Lieutenant Colonel Thomas O. Maser, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain Leonard R. Rippey.

Before O'BRIEN, O'HAIR, PRATT and JAMES, Appellate Military Judges.

OPINION OF THE COURT

PRATT, Senior Judge:

At a general court-martial before military judge alone, appellant was convicted of use of cocaine. He was sentenced to a bad conduct discharge, confinement for three months, and reduction to airman basic. He raises two issues before us on appeal. Neither entitles him to relief.

Both issues stem from a pretrial defense request that the government fund the services of an expert consultant to assist the defense in analyzing urinalysis results and testing procedures prior to trial, and in assessing the testimony of an anticipated government expert during trial. This request was denied by the convening authority, raised in the form of a pretrial motion to the military judge, denied by the judge, renewed once more at the outset of the trial, and once again denied. *See* R.C.M. 905(b)(4), 905(f), 905(h), and 905(j).

The first issue is whether the denial of defense counsel's repeated requests for the services of an expert consultant was error. We need not reach the merits of this issue because, following his last unsuccessful request, the accused entered an unconditional plea of guilty to the offense charged. We find that this plea effectively precluded the resurrection of this issue on appeal. R.C.M. 910(j) provides that, except in the case of a conditional plea:

> ... a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made.

It is apparent from defense counsel's motion that the perceived need for an expert consultant in forensic toxicology was to analyze the scientific reliability of appellant's urine test results and of the procedures used in the testing process, and to provide critical assessment of any opinions expressed by the government's expert, both before and during trial. Clearly, this

request for a consultant was directly related to the factual issue of appellant's guilt of the offense charged. Thus, as with a defense request for any witness on the merits, appellant's plea of guilty waived any error the judge may have made in denying the request. R.C.M. 910(j); *see United States v. Dibb*, 26 M.J. 830 (A.C.M. R.1988).

■ The second issue is whether the record is "substantially verbatim" and, thus, may support a sentence which includes a bad conduct discharge.[1] Article 54(c), UCMJ, 10 U.S.C. § 854(c); R.C.M. 1103(b)(2)(B); *United States v. Gray*, 7 M.J. 296 (C.M.A.1979). We believe that it is, and it can.

This issue also grows out of the defense endeavor to acquire an expert consultant. After the convening authority denied the request, defense counsel filed a written pretrial motion with the military judge. Following a written response by the government, the military judge apparently decided to let the moving party, the defense counsel, have the last word. Since both the military judge and the defense counsel were on temporary duty at different locations, the military judge entertained rebuttal argument by the defense counsel via telephone. This *ex parte*[2] telephone conversation was not recorded. As noted earlier, the motion was denied.

In this area, there are several maxims which are oft repeated: Insubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. *United States v. McCullah*, 11 M.J. 234 (C.M.A.1981); *United States v. Sturkey*, 23 M.J. 522 (A.F.C.M.R.1986). However, where the omission is substantial, either quantitatively or qualitatively, there is a presumption of prejudice to the accused. *United States v. Eichenlaub*, 11 M.J. 239 (C.M.A.1981); *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). Once the presumption of prejudice arises, the Government has the burden of rebutting it. *United States v. Lashley*, 14 M.J. 7 (C.M.A.1982).

Applying these maxims, of course, is not as straightforward as stating them. No clear "line of demarcation" has emerged from the case law confronting this issue. Each case must be examined on its individual characteristics in determining whether an omission is "substantial" and whether a presumption of prejudice, once arisen, has been rebutted. *Lashley*, 14 M.J. at 9.

In the present case, the omission consists of the verbal argument which the defense counsel made to the military judge over the telephone. Appellate defense counsel assert that the military judge "made no effort to reconstruct the defense counsel's rebuttal on the record or in her ruling on the motion." While this is true, in the sense that the military judge did not attempt to reproduce a verbatim version of the argument, she *did* reference the general content of the argument in her written ruling, which appears as Appellate Exhibit V in the record of trial:

> In his verbal rebuttal defense counsel again emphasized the necessity to the defense of an independent expert consultant who would have the ability to assist the defense in exploring and, possibly, challenging the government expert's opinion in this case.

> Defense counsel has argued that Dr Visiliades, the anticipated government expert, is essentially a government employee and has consistently testified in previous courts for the government.

At trial, prior to entering pleas, the defense counsel renewed the motion, declined the

---

1. Unlike our concurring Brother, we do not believe that the military judge's contact with defense counsel in this case can qualify as a conference under R.C.M. 802 (*see* R.C.M. 802(c)) or benefit from the "verbatimness" exception afforded by that Rule (*see* R.C.M. 802(b)). *See United States v. Desciscio*, 22 M.J. 684 (A.F.C.M. R.1986).

2. While appellate defense counsel point out the impermissible *ex parte* nature of the conversation, we perceive the main thrust of their assertion of error to be the lack of a verbatim record of the conversation. Although *ex parte* conversations between judge and counsel are generally prohibited, *United States v. Dean*, 13 M.J. 676 (A.F.C.M.R.1982), we would be hard-pressed to find prejudice to the appellant when his counsel was the *"parte"* who was present.

opportunity to make further argument, and sat quietly as the judge explained for the record the history of the motion, including defense counsel's telephonic rebuttal argument. The military judge properly directed that the written motions and her written ruling be attached to the record as appellate exhibits.

While the above-quoted summary of defense counsel's verbal argument does not qualify as an attempt to reconstruct a word-for-word account thereof, we note that counsel's argument appears to have been entirely redundant of the argument contained in his earlier written motion. We also note that the summary above was apparently accomplished on the same day as the telephone call, thus avoiding the associated problem of stale memory. Finally, we find it significant that the omission relates to a matter which, as we concluded above, was waived by subsequent guilty plea.

Under these circumstances, although the omission may have sufficient "quantitative" substance to raise the presumption of prejudice, *Boxdale*, 47 C.M.R. at 352, we have no hesitancy in finding that presumption effectively rebutted, not so much by affirmative government action (e.g., reconstruction of the record) as by the totality of circumstances attending this case. *Eichenlaub*, 11 M.J. at 240; *see also United States v. Dornick*, 16 M.J. 642, 645 (A.F.C. M.R.1983). Given the nature of the omission and the framework of this trial, we

perceive no possibility of prejudice to the accused.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge O'BRIEN concurs.

Senior Judge O'HAIR did not participate in this decision.

Judge JAMES (concurring):

I agree with the disposition of both issues and with the reasoning that leads to disposition of the thrice-denied request for an expert. I also agree with the reasoning that the military judge's unrecorded conversation before trial with defense counsel caused no prejudice.[1] However, I view the military judge's contact with the defense counsel as a conference under R.C.M. 802 (though certainly an imperfect example[2]). There is no other provision in the Rules which would permit such pretrial discussion of a case, and R.C.M. 802 exists to regulate such contacts with counsel. I would dispose of it accordingly.

The military judge's quick reference to the conference is at best a superficial summary of the events in the conference, *see United States v. Pelletier*, 31 M.J. 501 (A.F.C.M.R.1990) ("substance" of the conference); *United States v. Garcia*, 24 M.J. 518 (A.F.C.M.R.1987), but any complaint about the adequacy of the record of those events should have been asserted at trial, and the absence of that timely objection

---

1. *See, United States v. Garries*, 22 M.J. 288, 291 (C.M.A.1986), *cert. denied*, 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986) ("... we recognize inherent authority in the military judge to permit such a procedure in the unusual circumstance where it is necessary to insure a fair trial."); *United States v. Rhea*, 29 M.J. 991, 995 (A.F.C.M.R.1990) (not all *ex parte* communications are prohibited); *United States v. Chavira*, 25 M.J. 705 (A.C.M.R.1987); *United States v. Brauchler*, 15 M.J. 755, 758 (A.F.C.M.R.1983), *pet. denied*, 18 M.J. 21 (C.M.A.1984) (*ex parte* conversation tested for prejudice, none found); *United States v. Porta*, 14 M.J. 622 (A.F.C.M.R. 1982) (non-verbatim aspect). *Cf. United States v. Dean*, 13 M.J. 676 (A.F.C.M.R.1982) (findings set aside when military judge had *ex parte* pretrial interview with witness, trial counsel, staff judge advocate).

2. I note that the conference was without the presence of the trial counsel and was *ex parte* in that respect, but R.C.M. 802 does not by its terms require representation of all the parties. *See United States v. Garcia*, 24 M.J. 518, 519 (A.F.C.M.R.1987) ("conferences between the military judge and one or more trial party"). Indeed, R.C.M. 802(d) explicitly provides for conferences without the accused, the most important of the parties, and so it is hardly surprising that a conference might be held without one of the other parties. I avoid confronting that issue here because the defense was present and should not now be heard to assert a complaint that belongs to the prosecution. *Cf. United States v. Chavira, supra*.

waived the present complaint. R.C.M. 802(b).[3]

Regardless how the transaction may be labeled, and regardless whether an *ex parte* conference may be permitted by the Rule, military judges should find this case instructive: No good ever comes of *ex parte* proceedings, and much that is ill can follow them, as it did here. *Ex parte* proceedings do no good for the esteem with which the parties view the process and thus detract from its credibility in one case and in all. *See generally United States v. Brauchler,* 15 M.J. 755, 758 (A.F.C.M.R. 1983), *pet. denied,* 18 M.J. 21 (C.M.A.1984). The American Bar Association's Model Code for Judicial Conduct, Canon 3.B.(7) (1990) (adopted after this case was tried) discourages most such contacts and appears to forbid the one in this case. So do the Air Force Standards for the Administration of Criminal Justice, Standard 6–2.1 (1989).

Neither should anything in this opinion detract from the importance of assuring that records are kept verbatim when that is likely to be required by the sentence. This conference was before any part of the trial began, unlike the conference in *Garcia,* and more easily addressed today than a conference during trial on a substantial matter. Nothing in the Rules abates the "verbatimness" requirements because they are (by judicial interpretation) statutory, 10 U.S.C. sec. 819, 854 (1988), Articles 19 and 54, UCMJ, and take precedence over the Rules, *ceterus paribus.* Indeed, the Rules perpetuate the idea of a "verbatim" record, R.C.M. 1103(b)(2)(B), (c)(1), even though the statute is satisfied with a "complete record," Articles 19, 54(c). The "verbatimness" requirement is not to be taken lightly. *See United States v. McEwen,* 26 M.J. 526, 528 (A.F.C.M.R.1988) (caution about impromptu conferences). Corners cut after the court-martial has begun might never be mended. *See United States v. Sadler,* 29 M.J. 370, 373 n. 3 (C.M.A.1990) (confer- ences not appropriate for discussion of instructions); *United States v. Wirth,* 24 M.J. 536 (A.C.M.R.1987) (questioning appropriateness of conference for discussion of a negotiated plea).

**3.** *See also United States v. Minaya,* 30 M.J. 1179 (A.F.C.M.R.1990) (waiver in general court-martial); *United States v. Stewart,* 29 M.J. 621, 624 (C.G.C.M.R.1989) (waiver in general court-martial by failure to object to unrecorded confer- ences on instructions); *United States v. Myers,* 25 M.J. 573, 576 (A.F.C.M.R.1987) (waiver in general court-martial). Note the general proposition that "[c]onferences need not be made part of the record ...," R.C.M. 802(b).