UNITED STATES

v.

Staff Sergeant Lorenzo GARCIA III,
FR 467–33–6746, United States
Air Force.

ACM S27296.

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Sept. 1986.

Decided 11 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Morris A. Tanner, Jr.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

### DECISION

MURDOCK, Judge.

A military judge, sitting alone, found the appellant guilty, pursuant to his pleas, of two assault offenses stemming from a barroom fight. He sentenced the appellant to a bad conduct discharge, 4 months confinement, forfeiture of $200 per month for 4 months, and reduction to airman basic. The convening authority reduced the confinement to 47 days and approved the sentence as reduced. The appellant now invites our attention to three errors. First, he asserts that his plea to one specification was improvident. Next, he asserts that an

R.C.M. 802 conference rendered the record nonverbatim. Finally, he asserts that the judge erred in a multiplicity determination. We agree that the plea may have been improvident and that the conference was improperly conducted. For that reason, we set aside the findings and the sentence.

■ We will discuss the last assertion of error first. Although we find no error in the judge's holding the two assaults separate for sentencing we believe a comment is necessary. According to the military judge's findings, the assaults were separated by 10 to 25 minutes. The assault which led to the first specification involved hitting the victim in the face with a bar glass. The assault which led to the second specification was committed by the appellant hitting the same victim in the abdomen with his fists. The appellant was evicted from the club after the first assault. At least ten minutes later he reentered the club through a back door, found his way back to the barroom, again confronted the victim and committed the second assault. The break in time and circumstances is clearly enough to authorize separate punishment for these two offenses. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983).

The other assertions of error deal with the providence of the appellant's plea and with an unrecorded conference held by the military judge. We will discuss the conference issue first. R.C.M. 802 authorizes unrecorded conferences between the military judge and one or more trial party. Unfortunately, this provision has occasionally misled judges into allowing substantive portions of the trial to go unrecorded. R.C.M. 802 conferences are primarily for discussions of routine or administrative matters, not central trial issues. The Discussion of R.C.M. 802 clarifies the purpose of these conferences:

> Conferences between the military judge and counsel may be held when necessary before or during trial. The purpose of such conference is to inform the military judge of anticipated issues and to expeditiously resolve matters on which the parties can agree, not to litigate or decide contested issues....

> A conference may be appropriate in order to resolve scheduling difficulties, so that witnesses and members are not unnecessarily inconvenienced. Matters which will ultimately be in the military judge's discretion, such as conduct of voir dire, seating arrangements in the courtroom, or procedures when there are multiple accused may be resolved at a conference. Conferences may be used to advise the military judge of issues or problems, such as unusual motions or objections, which are likely to arise during trial.

> Occasionally it may be appropriate to resolve certain issues, in addition to routine or administrative matters, if this can be done with the consent of the parties. For example, a request for a witness which, if litigated and approved at trial, would delay the proceedings and cause expense or inconvenience, might be resolved at a conference....

> A military judge may not participate in negotiations relating to pleas.

R.C.M. 802(b) requires that, although these conferences need not be made part of the record, "matters agreed upon at a conference shall be included in the record orally or in writing." It further provides that "(f)ailure of a party to object at trial to failure to comply with this subsection shall waive this requirement."

The government urges us to find that the absence of defense objection to the conference constituted a waiver of any later complaint about the procedure.

■ The requirement for a verbatim record, where it exists, is jurisdictional and cannot be waived by counsel's failure to object. *United States v. Whitney*, 23 U.S. C.M.A. 48, 48 C.M.R. 519 (1974); *United States v. Desciscio*, 22 M.J. 684 (A.F.C.M. R.1986). Even in cases where a verbatim record of trial is required, certain portions may go unrecorded. R.C.M. 802 conferences covering authorized subjects are such an exception. R.C.M. 802(b). However, when matters beyond the scope of the

rule have been discussed in an R.C.M. 802 conference, subsequent failure to include them in the record may render it nonverbatim.

■ If the record in this case is to support a punitive discharge, it must be substantially verbatim. R.C.M. 1103(b)(2)(B). In the present case we find that the discussion of matters relating to a plea in an unrecorded conference and the subsequent failure to include the discussion in the record resulted in a nonverbatim record of trial.

The appellant had indicated his intent to plead guilty and he was being questioned by the military judge about his plea as required by R.C.M. 910. Part way through the inquiry the following sequence occurred:

MJ: Okay. Well, now, you say you were intoxicated at the time this occurred. But you seem to remember pretty well what—what was said and what—what—what occurred. How—how are you able to do that, if you were intoxicated?

ACC: Well, intoxicated, as to where I wasn't walking straight, you know.

MJ: You were or were not?

ACC: Were not, you know, walking straight. Staggering. A little bit toward it. And as to where I—I ... (not continuing) You know, like I say, usually I—I figure I'd remember something like that, because I'm not, you know, used to just—I can't see just, you know, going to do, you know, or something like that.

MJ: Uh-huh. (After examining some documents.) The court will be in recess until 1100 hours. And I'd like counsel to see me in chambers, please.

When the proceedings were called back to order the judge announced:

During the recess I conducted a conference, pursuant to Rule For Court-Martial 802, with counsel for the defense and the government, at which time we discussed issues regarding providency of the accused's plea.

Without further comment from anyone, the judge returned to his on-the-record plea inquiry.

■ We are faced with a double problem as a result of this unrecorded conference: was the subject matter of the conference proper for an R.C.M. 802 conference, and because the providence of the plea was discussed at the conference, were the pleas provident.

Prior to accepting an appellant's guilty pleas, the central focus of the military judge is on the providence of the plea. R.C.M. 910. At this stage in the proceedings the entire effort of the judge is directed at making this essential determination. "Issues regarding providency of the accused's plea" are hardly routine or administrative matters. They are *the* matters under consideration. As such, they are not an appropriate subject for an R.C.M. 802 conference.

Turning to the second question, there is nothing other than the judge's comment that "issues regarding providency of the accused's plea" were discussed to explain what transpired in the conference. Because the substance of the conference was not made part of the record, we cannot say that what was discussed at the conference was only peripheral to the judge's determination of the plea's providence. This uncertainty is unacceptable. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c) charges us with affirming "only such findings of guilty and the sentence or such part or amount of the sentence, as (we find) correct in law and fact and determine, on the basis of the entire record, should be approved". We cannot perform this thorough judicial review on a record that does not reveal all the components of such an important decision as the providence of the plea.

In some cases where the records of trial are incomplete we are able to cure the error by approving sentences appropriate for courts-martial with nonverbatim records of trial, e.g., no punitive discharge, limited confinement and forfeitures. *United States v. Thompson,* 22 U.S.C.M.A. 448,

47 C.M.R. 489 (1973). However, this case has the further defect that the unrecorded conference introduces an element of uncertainty into the providence of the appellant's plea. For this reason the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.