UNITED STATES

v.

Michael B. LEAVER, Chief Warrant
Officer, (W–2), U.S. Coast Guard.

No. CGCM 0032.
Docket 946.

U.S. Coast Guard Court of
Military Review.

17 May 1991.

Trial Counsel: CDR Michael A. Leone, USCG.

Assistant Trial Counsel: LT Robert E. Korroch, USCG.

Detailed Defense Counsel: LT Mark R.B. Stewart, USCGR.

Appellate Defense Counsel: LCDR James M. Collin, USCG (On Brief).

Appellate Defense Counsel: LT G Arthur Robbins, USCG (Argued).

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Before PANEL TWO, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

On 5, 6, and 7 September 1989, appellant was tried by a military judge sitting as a general court-martial. After pleading guilty, appellant was convicted, pursuant to those pleas, of two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; two specifications of dereliction of duty in violation of Article 92, UCMJ, 10 U.S.C. § 892; seven specifications of cocaine use and five specifications of cocaine distribution in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; one specification of sodomy in violation of Article 125, UCMJ, 10 U.S.C. § 925; and one specification of drunk and disorderly in a public place to the disgrace of the Armed Forces in violation of Article 133, UCMJ, 10 U.S.C. § 933. Pleas of guilty to three other offenses were rejected by the judge and pleas of not guilty entered. After a trial on the merits for those offenses, appellant was convicted of one specification of cocaine distribution in violation of Article 112a, UCMJ and one specification of wrongful solicitation of a Coast Guard Seaman Apprentice to use and possess cocaine in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was acquitted of the third offense. The judge sentenced appellant to be dismissed from the service, to forfeit all pay and allowances, and to be confined at hard labor for 8 years. The convening authority reduced the confinement to five years but otherwise approved the sentence. Before this Court, the following three errors have been assigned and orally argued:

I

APPELLANT WAS DENIED EFFECTIVE REPRESENTATION OF COUNSEL DURING THE POST TRIAL PHASE OF THE INSTANT CASE

II

THE UNRECORDED RCM 802 CONFERENCE THAT INVOLVED APPELLANT'S GUILTY PLEAS AND PRETRIAL AGREEMENT AND THAT RESULTED IN THE CONVENING AUTHORITY DETERMINING NOT TO GO FORWARD WITH THE PRETRIAL AGREEMENT WAS IMPROPER AND RESULTED IN A NONVERBATIM RECORD OF TRIAL

III

APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED IN THE CASE AT BAR

*Assignments of Error I and III*
*a. Background*

Before a defense counsel was ever assigned, appellant requested a specific Coast Guard attorney as his counsel. That request was denied on the ground that the attorney was not reasonably available. Thereafter, a defense counsel was detailed to represent the appellant at the Article 32, UCMJ investigation and the trial. Appellant accepted that representation and did not appeal the denial of his requested counsel nor did he raise the matter with the military judge. Upon completion of the

trial, however, appellant requested removal of his detailed defense counsel and renewed his request for the first attorney to represent him at this point with respect to post-trial matters. Again, his request was denied. While it was pending, appellant wrote the convening authority stating that he was retaining a civilian attorney and wished to discharge his detailed counsel because he was ineffective and did active harm to the case. Based on this letter, detailed defense counsel was removed from the case by the Staff Judge Advocate of the Maintenance and Logistic Command Atlantic. Later, appellant notified the Staff Judge Advocate that he could not afford a civilian counsel and requested appointment of a substitute detailed counsel to handle post trial matters. Instead, the Staff Judge Advocate reinstated the original detailed defense counsel, stating that appellant's "bare assertion of ineffective assistance of counsel cannot serve as a basis" for his removal. Appellant has challenged that action and says it caused him to be denied effective representation during the post trial phase of the case. He has also amplified his reasons for dismissing the detailed counsel, asserting ineffectiveness in essentially three phases of trial, the preliminary stage when representational rights were discussed with the judge, the plea providence inquiry, and the presentencing proceedings after appellant had been found guilty.

b. *Post Trial Representation*

■ After trial was completed, pending action on the record by the convening authority, appellant says he was effectively without counsel because he had severed relations with the attorney appointed to represent him and the authority responsible for detailing such counsel refused to provide another. The Government concedes that it was error to fail to assign a replacement military counsel for post trial duties under the specific facts of this case. We agree. As stated by the Government, "an assertion of ineffective assistance of counsel and an express desire to sever the attorney-client relationship presents an unusual situation. While it may be inconvenient to assign another attorney ... a con-

flict between counsel and client should not be ignored." Page 4, Brief of Appellate Government Counsel. More than that, we believe that the kind of conflict of interest between counsel and client that was generated here by an allegation of inadequate representation mandates the detailing of a substitute counsel to represent the appellant. Should that have been done and should appellant have then rejected the substitute counsel, there would have been a different situation entirely, one which might have prompted requiring the appellant to choose between proceeding without counsel or accepting the substitute. Such was not the case, however. Accordingly, we deem it error which materially prejudiced a substantial right for the Staff Judge Advocate, Maintenance Logistics Command, Atlantic to refuse to detail a substitute counsel to represent appellant at the post trial stage, upon appellant's severing the attorney-client relationship with the assertion that his counsel had inadequately represented him during trial. See *U.S. v. Clay*, 1 U.S.C.M.A. 74, 1 C.M.R. 74 (1951), *U.S. v. Allen*, 31 M.J. 572, 622 (N.M.C.M.R. 1990).

■ In determining what impact this error had on the convening authority's action, we note that the appellant, on his own, submitted clemency materials which were considered by the convening authority before acting on the sentence. Furthermore, trial defense counsel went ahead and submitted a timely response to the Staff Judge Advocate's advice, even though appellant would not communicate with him. As noted by the Government, appellant has not claimed there was any error in the counsel's response or anything else that should have been done in his behalf. Moreover, the convening authority's action resulted in a reduction of confinement from eight to five years, which was three years below the period of confinement called for by a failed pretrial agreement. We are convinced beyond a reasonable doubt that the error in not appointing another counsel after trial had no adverse effect whatsoever on the action taken by the convening authority with respect to appellant's findings

and sentence. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), *U.S. v. Sales,* 22 M.J. 305 (C.M.A. 1986).

### c. Trial Representation

■ As already indicated, inadequacy of representation at trial has been asserted in several respects. Appellant faults his counsel for not raising with the military judge the denial of appellant's initial request for individual military counsel. He also says that detailed counsel exerted improper pressure on him to enter into an aborted pretrial agreement and gave him misleading advice in that area. After that agreement had been negotiated and approved, appellant asserts that his counsel ineffectively represented him during the plea providence inquiry when the direction of the trial changed dramatically.

In response to appellant's answers during that inquiry, the judge rejected certain pleas. As a result, the convening authority refused to be bound by the pretrial agreement. Appellant says at that point there was a need for new strategies and at the very least further advice so that he could make a fully informed decision whether to continue with pleas of guilty without an agreement with the convening authority. Appellant says that at no time did counsel request time to talk concerning these matters and to advise him. Moreover, according to appellant, counsel never considered abandoning the attempt to plead guilty or to withdraw the request for trial by judge alone. Instead, according to appellant, counsel continued to actively assist in completing the providence inquiry, thus, ensuring findings of guilty with "absolutely no protection." He contends that these actions constituted ineffective representation, compounded by failure to voir dire the judge before commencement of trial on the merits for the three offenses to which pleas of not guilty were entered.

Appellant also complains about counsel's allowing countless examples of uncharged misconduct to be presented by Government witnesses during the case in aggravation, without objection. Moreover, when counsel ultimately objected and the judge acknowledged a concern about uncharged misconduct coming in, but said he could put it aside during sentencing, appellant says his counsel should have asked to voir dire the judge. Based on the totality of representation, appellant contends that his Sixth Amendment right to counsel was violated and that the findings and sentence should, therefore, be set aside.

We recently addressed this very subject in *U.S. v. Puckett,* 32 M.J. 783 (C.G.C.M.R. 1991) and applied the standard from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in determining whether the Sixth Amendment right to effective assistance of counsel had been met. That standard places the burden of proof on appellant to overcome a strong presumption of adequate representation by counsel. Appellant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. If that burden is satisfied, appellant must next establish prejudice to the defense from counsel's missteps. The test in that regard is whether there is a reasonable probability that, absent the errors, the result would have been different. We find that appellant has failed to meet the burdens of the *Strickland v. Washington* standard in all respects.

On their face, the counsel errors asserted by appellant do not appear to be as serious as *Strickland v. Washington* contemplates. More importantly, however, affidavits filed with the Court from detailed defense counsel, provide ample explanation for his actions in all the areas raised by appellant. Based on these affidavits, we are satisfied that detailed defense counsel met his responsibilities under the Sixth Amendment and the Uniform Code of Military Justice, providing effective representation of appellant at all stages of trial.

With regard to the individual military counsel request, we note that detailed counsel says he explained to appellant his right to appeal the denial, or to ask for a different Individual Military Counsel. Thereafter, appellant indicated he was sat-

isfied with detailed counsel, at which point, counsel says, "I was no longer concerned with the matter, and proceeded to discuss the merits of the case with an eye to concentrating on matters to which I could obtain relief for my client." P. 2 of Affidavit of 11 July 1990 from Mark R.B. Stewart.

It is clear from the record and counsel's affidavits that he did, indeed, concentrate effectively on matters to his client's benefit. The strategy to plead guilty, with or without a pretrial agreement, was planned long before an agreement was approved by the convening authority. Defense counsel, recognizing the strength of the government's case and the weight of the charges, devised a plan for fighting every charge that could be challenged procedurally through the Article 32 hearing and pretrial motion stage and then pleading guilty to the remaining charges to which appellant could providently plead. Thereafter, counsel planned to argue that appellant was a very sick person who needed help and wanted to rehabilitate himself and by pleading guilty that he was attempting to come clean and overcome his problems. Counsel also considered it best to follow that strategy before a judge alone because of the inflamatory evidence of sodomy and solicitation by a warrant officer of junior enlisted personnel to use drugs, in addition to the other charges.

According to defense counsel, this strategy was discussed with appellant and agreed upon. In this regard, the words from the U.S. Court of Appeals in *U.S. v. Weaver*, 882 F.2d 1128 (7th Cir.1989), cert. denied — U.S. ——, 110 S.Ct. 415, 107 L.Ed.2d 380 (1989), quoted in *U.S. v. Puckett, supra*, bear repeating:

> Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel. *U.S. v. Williams*, 631 F.2d 198, 204 (3d Cir.1980) (no ineffective assistance of counsel where defendant ultimately concurred in his trial counsel's tactical decision.) To allow that would be to exempt defendants from the consequences of their actions at trial and would debase

the right to effective assistance of counsel enshrined in the sixth amendment. *U.S. v. Weaver*, 882 F.2d at 1140.

In addition to the jointly agreed upon strategy detailed in counsel's affidavit, we note from the record the judge's explanation of rights and actions throughout the trial. After each critical explanation, the judge sought and obtained appellant's decision on the record as to how he wished to proceed. Those decisions included proceeding with detailed counsel rather than raising an individual military counsel request and persisting in pleas of guilty. The latter decision was made after the judge fully explained to appellant his right to withdraw all pleas of guilty and force the Government to prove guilt beyond a reasonable doubt. The voided status of the pretrial agreement was also fully explained to him by the judge and counsel.

Finally, detailed defense counsel states that, consistent with his overall trial plan, he was not unduly troubled by uncharged misconduct because the thrust of their strategy was that appellant was out of control at times due to his sickness. Counsel says it would have been contradictory to that plan and would have undermined their credibility if, after conviction, counsel and appellant had attempted to deny other related events. When allegations of uncharged misconduct went too far counsel objected, prompting a favorable reaction from the judge. Ultimately, the judge's sentence fully reflected the success of defense counsel's representation of appellant. Even if we were to accept appellant's assertions of counsel errors, which we do not, appellant has failed to convince us that there was a reasonable probability of a different result had the asserted errors by counsel not been committed. Assignment of error III is rejected.

*Assignment of Error II Propriety of An Unrecorded Rules of Court Martial (RCM) 802 Conference and Its Effect On the Verbatim Character of the Record*

■ In the remaining assignment of error, appellant submits that an unrecorded

RCM 802 conference pertaining to guilty pleas and the pretrial agreement was improper and has resulted in a nonverbatim record of trial, which warrants this Court's setting aside the findings of guilty and sentence. The following facts pertain to this assignment.

Counsel had negotiated a pretrial agreement for appellant limiting the convening authority to approval of a dismissal, eight years confinement, forfeitures not to exceed $1,750.00 per month for eight years, a fine of $5,000.00, with any excess converted to forfeitures, and unlimited loss of numbers in return for appellant's pleading guilty to specific charges and specifications. Appellant pled guilty to the charges and specifications required by that agreement, but his answers to the judge's questions ultimately prompted entry of not guilty pleas by the judge to three of the offenses. During a recess called by the judge to advise counsel of the problems he was having with appellant's answers, he met several times with both prosecution and defense counsel in unrecorded RCM 802 conference to discuss these matters and the status of the pretrial agreement.

According to defense counsel's affidavit, the judge told counsel he would not accept the guilty plea to one of the cocaine distribution offenses. Thereafter, both the trial counsel and defense counsel met with the convening authority to determine whether he was willing to remain bound by the agreement should appellant continue his pleas of guilty to all the remaining offenses. At that meeting, the convening authority made it clear that he would not be bound by the agreement unless appellant providently pled to all charges and specifications set out in the agreement. Upon reconvening of the trial, a notation of the several RCM 802 meetings with the judge was made for the record and the canceled status of the pretrial agreement was declared. Despite the failure of the pretrial agreement, appellant continued with his pleas of guilty.

Appellant, citing *U.S. v. Garcia*, 24 M.J. 518 (A.F.C.M.R.1987), argues that the unrecorded conference, relating as it did to the providence inquiry, should have been recorded. As in *Garcia, supra,* appellant says we should hold the record nonverbatim and set aside the findings of guilty and sentence because of that unrecorded conference. The Government, in response, distinguishes *U.S. v. Garcia* from the case at bar. We agree. As best we can determine, it appears that the difficulties encountered by the trial judge in *Garcia* with respect to the accused's answers during the providence inquiry were resolved in the RCM 802 conference in a manner that resulted in the judge's finding the guilty pleas provident. Just the opposite occurred here.

From our reading of the record and the affidavits, we have concluded that the instant RCM 802 meetings were not called to perfect appellant's pleas. They were convened primarily to alert counsel to problems the judge was having with a particular plea and determine whether both counsel were certain of the status of the pretrial agreement should the judge reject the guilty plea when trial resumed. Realizing they were not certain, counsel sought the answer directly from the convening authority before the military judge continued with the plea hearing. Ultimately, the judge rejected three pleas of guilty as not provident.

Since the judge in the instant case found the pleas of guilty improvident and entered not guilty pleas, the problems troubling the Air Force Court are not the ones we face. The conference with which we are confronted does not raise the possibility of an "off the record" providence inquiry, and, thus, is an entirely different matter than that in *Garcia, supra.*

The Court in *Garcia,* said, "Because the substance of the conference was not made part of the record, we cannot say that what was discussed at the conference was only peripheral to the judge's determination of the plea's providence." 24 M.J. at 520. This simply is not the situation before this Court. We believe the discussions at the RCM 802 conferences here were only peripheral to the judge's determination that the pleas were improvident. That determi-

nation was made from appellant's answers that are recorded verbatim on the record.

Furthermore, while we agree generally with the Air Force Court's view that issues regarding the providence of an accused's pleas are hardly routine or administrative in nature, we do not agree that every discussion concerning the pleas, their providence, or the status of a pretrial agreement, is necessarily an inappropriate subject for an RCM 802 Conference. As in *U.S. v. Stewart,* 29 M.J. 621 (C.G.C.M.R. 1989), where we held that findings and sentence instructions were a proper subject for a conference that otherwise met all the terms of RCM 802, we find that discussions alerting counsel to an improvident plea and the need for resolving the status of a pretrial agreement with the convening authority are also proper subjects for such a conference. The meetings in this case were noted by the judge on the record and neither party objected to the content of that notation or to the meetings themselves. R 46 & 47. We deem the verbatim nature of the record to be unaffected by the RCM 802 conferences.

As a word of caution to trial judges, however, we strongly suggest that copies of any approved pretrial agreements, which are invalidated by pleas determined to be improvident, be attached to the record as appellate exhibits to facilitate review of the kind of issues that have been raised here. The agreement in this case was not attached but has been filed with the Court by counsel and we have been able to compare the sentence adjudged and later modified by the convening authority with that provided for in the agreement. We also emphasize the requirement that judges fully explain to accuseds on the record the effect of rejected pleas of guilty on a pretrial agreement. Thereafter, the judge should ask the accused how he wishes to proceed, after explaining his rights in that regard. Then the judge should afford the accused ample time to consult with counsel before making known his decision. We are satisfied those requirements were met in the instant case. Assignment of Error II is rejected.

### Conclusion

As already stated, the failure to provide appellant a substitute counsel after trial had no effect on the convening authority's action. Furthermore, upon review of the record pursuant to our responsibilities under Article 66, UCMJ, 10 U.S.C. § 866, we have determined the findings and sentence to be correct in law and fact and should be approved. Accordingly, the findings and sentence approved below are affirmed.

Judges GRACE and BASTEK concur.