UNITED STATES

v.

**Senior Airman Gregory THOMAS, FR434–29–1022, United States Air Force.**

**ACM 29081.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Oct. 1990.

Decided 4 June 1991.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Captain Thomas E. Wand, and Major Scott W. Stuckey, USAFR.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

JAMES, Judge:

This case helps illustrate our views on conferences under R.C.M. 802. Appellant assigns only one error, that a conference in the middle of the inquiry into the providence of his pleas of guilty went unrecorded. Relying on *United States v. Garcia,* 24 M.J. 518 (A.F.C.M.R.1987), he argues that the affected findings must be set aside. We disagree, and we affirm.

Senior Airman Thomas pleaded guilty to and was convicted of 15 bad check specifications and a failure to pay a debt.[1] The bad check offenses were charged under Article 134, 10 U.S.C. § 934 as dishonorable failures to maintain funds in his account to pay the checks on presentment. During the inquiry into providence of the pleas, Airman Thomas attributed the inadequacy of the balance in his account to carelessness:

> Well, I didn't, I guess, exercise due care and attention in my bookkeeping, and I was negligent in maintaining the funds.

Mere neglect is not enough to constitute a bad check offense under Article 134. Manual for Courts–Martial (1984), part IV, para. 68.c. Recognizing the possibility that the plea was improvident, the military judge questioned a bit more and then took a recess, saying, "I want to see all three lawyers in my chambers, please." We assume that they did meet, but the events are nowhere described on the record.

With the record in this posture, we refine appellant's "ipso facto" argument into two issues which we address below: First, is the failure of the record to report the

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens, Major Paul M. Dankovich, and Captain Richard W. Aldrich.

---

1. The court-martial (composed of the military judge alone) sentenced Airman Thomas to be discharged from the service with a bad conduct discharge, to be confined for 9 months, to forfeit all pay and allowances, and to be reduced to E–1. The convening authority approved the sentence as adjudged except to reduce the forfeitures to $350.00 pay per month for 9 months.

events in the meeting fatal, and, second, is the plea provident?

## I. The Conference

We agree with the appellate parties that the meeting must be regarded as a conference under R.C.M. 802, even though the military judge did not use that label. That rule is the only authority for any meeting of the military judge and counsel about any significant aspect of the case, other than on the record in a session. It is intended to regulate such contacts, and no more lenient rule may be created by using some other label or by avoiding a label. Rule 802 governs this meeting.

■■■ The problem is that the military judge did not describe for the record the events in the conference. However, R.C.M. 802(b) explicitly provides, "Conferences need not be made part of the record...." The rule only requires that "matters agreed" be included in the record. Just as explicit is that a failure to object waives even a failure to comply with that minimal requirement. Indeed, the drafters' analysis explains, "The waiver provision has been added because the conference is not part of the record of trial under Article 54." MCM, App. 21, p. A21–39 (1984). In the present case, there is no suggestion that any matter was agreed in the conference, but if there had been, any complaints about the adequacy of the description on the record were waived by the failure of counsel to assert them at trial, where the complaints (if any) could have been quickly addressed and cured if necessary.

■■■ A secondary problem in this appeal is that appellant contends that matters affecting providence may not be considered in a conference. He relies on *Garcia*, which emphasized the discussion of R.C.M. 802(a) that accompanies the rule in the Manual, but we think his reading of *Garcia* is too rigorous. Taken in context, the dis-

cussion is consistent with the rule itself, which is more expansive: Conferences may be held "to consider such matters as will promote a fair and expeditious trial," R.C.M. 802(a), but they are no substitute for litigation or inquiry on the record.[2]

We find no deficiency in the record's "verbatimness," we find any complaint about the need to report events in the conference to have been waived, and we do not construe *Garcia* as creating a per se rule that discussion of some topics in a conference warrants the relief sought. The important issue, then, is whether the record is adequate to permit us to make the thorough judicial review of the providence of the pleas that our predecessors found impossible in *Garcia*.[3] Accordingly, we turn to the recorded inquiry into the guilty pleas to determine whether it shows them to be provident.

## II. Providence

■■■ We find the record to be entirely adequate. The inquiry is lengthy and careful, dealing in detail with both law and facts. It is clear that appellant understood that the dishonorableness of his failure to maintain funds could be inferred from a grossly indifferent attitude toward the status of his funds. The 15 bad checks totaled over $3,400.00, and they were all written in 31 days. At one point (before the conference), appellant conceded,

> I didn't keep good records of what I was doing. I kind of lost track.

Later, after the conference, he explained that he thought gross indifference better described his conduct than mere negligence—

> Because I wrote checks, again, for almost two times the amount of money that I bring home.

We find these frank disclosures in lay terms to be knowing and intelligent explanations of his choice to abandon any defense that might have rested on the ade-

**2.** The drafters' analysis reassures one that conferences in chambers are permissible after trial has begun. MCM, App 21, p. A21–39 ("Introduction") (1984). However, it also makes clear that conferences should not "become a substitute for Article 39(a) sessions." *Id.*, (re R.C.M. 802(c)). *See also United States v. Sadler*, 29 M.J. 370, 373

n. 3 (C.M.A.1990) (conferences inappropriate for discussion of instructions).

**3.** *Compare United States v. Wirth*, 24 M.J. 536 (A.C.M.R.1987) (questions propriety of discussion in conference of pretrial agreement).

quacy of proof of dishonorableness. In all other respects, too, the plea is sound and provident. *See* R.C.M. 910(c)–(f) and accompanying discussion.

The remaining complaints raised by the appellant's brief are without merit. The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge RIVES concur.