UNITED STATES

v.

**Staff Sergeant Joseph D. CORDELL, FR463–35–1356, United States Air Force.**

**ACM 29607.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Aug. 1991.

Decided 12 May 1993.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Alice M. Kottmyer, and Captain Robert A. Parks.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis and Captain Thomas E. Wand.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Judge:

Appellant was convicted, consistent with his pleas, of submitting false travel vouchers and false claims for advance travel payments totaling $29,288.05.[1] He argues the record of his trial by general court-martial is not complete and that the members were not properly sequestered during their deliberations. We find no merit in these arguments, and we affirm.

### COMPLETE RECORD

Appellant argues the requirement for a complete record[2] was not satisfied in two respects. First, there are three references in the record to out-of-court conferences apparently held among the military judge,

---

1. Article 132, UCMJ, 10 U.S.C. § 932; MCM, Part IV, paragraph 58 (1984).

2. In a general court-martial, a complete record of trial is required whenever a punitive discharge is adjudged, and whenever the sentence adjudged exceeds 6 months confinement or any other part of the sentence exceeds that which may be adjudged by a special court-martial. Article 54(c)(1)(A), UCMJ, 10 U.S.C. § 854(c)(1)(A); R.C.M. 1103(b).

counsel, and the accused under R.C.M. 802, for none of which there is any summary in the record. At one point the military judge referred to a pretrial conference at which he had ordered the government to arrange for the presence of a defense witness. At another point the judge indicated that he would grant trial counsel's request for an R.C.M. 802 conference during a recess just before the members were called; no subject was mentioned and no summary was provided for the record. At a third point, the trial counsel mentioned that the government's inability to contact appellant's mother in the United States was the subject of "several 802 sessions."

 Appellant argues the absence of an adequate summary of these conferences denies him the right to a complete record. We disagree. R.C.M. 802(b) expressly provides, "Conferences need not be made part of the record, but matters agreed upon at a conference shall be included in the record orally or in writing." There is no indication in the record that any agreement was reached at any of these conferences. It would be far better practice if trial practitioners would make it a universal practice to briefly summarize for the record the topics discussed in every R.C.M. 802 conference held before or during trial, but there is no legal requirement to summarize anything other than "matters agreed upon." Furthermore, R.C.M. 802(b) provides, "Failure of a party to object at trial to failure to comply with this subsection shall waive this requirement." Defense counsel raised no objection to the failure to make a record of any of these conferences. We have no hesitancy in applying waiver when no objection is raised. *United States v. Thomas*, 32 M.J. 1024 (A.F.C.M.R.1991).

During their deliberations on sentencing, the members requested "a written definition of the punishments available."[3] The military judge did not formally reconvene the trial to deal with this request, but chose

to handle it in what amounted to an R.C.M. 802 conference, summarized by the court reporter as follows:

(The bailiff delivered to the Military Judge Appellate Exhibit IX from the court members, asking for definitions of the punishments in writing. After consulting with counsel, all agreeing, the military judge gave the bailiff pages 2–42 through 2–44.1 from DA Pamphlet 27–9, to deliver to the court members.)

 We conclude this was an adequate summary of the agreement reached in the conference, and that the page citations to DA Pamphlet 27–9, *Military Judges' Benchbook*, May 1982, constituted an adequate identification of the document given to the members. This document should have been included in the record as an appellate exhibit, but failure to do so does not render the record incomplete. The exhibit was a clearly identified portion of a standard publication in general use by military trial practitioners. Three changes have been issued since the basic publication was published that relate to the pages given to the members, but the changes relate only to matters not relevant to this case.[4] We find the omission from the record of the pages of DA Pamphlet 27–9 given to the members was insubstantial, and we further find the omission caused no prejudice to appellant.

 We also note the summary of the conference should have been made orally or in writing before the trial adjourned so the parties would have an opportunity to raise objections or propose corrections. The record has been properly authenticated, however, and it has been examined by the trial defense counsel with no objection raised or any correction proposed to the court reporter's summary of the conference. We do not endorse the procedure used to record the agreement reached in

---

**3.** The military judge included definitions of the authorized punishments in the instructions he gave orally to the members. His oral instructions were substantially the same as the written definitions he provided later at the members' request.

**4.** The changes relate to cases where the maximum confinement is less than 2 months, provisions for confinement where a fine is not paid, and dismissal of commissioned officers and cadets.

this conference, but we find no prejudice to appellant arising from it in the circumstances of this case.

## SEQUESTRATION

During his instructions on sentencing, the military judge advised the members as follows concerning comfort breaks:

> It may be you need a comfort break. I want to advise you that when you are discussing all seven of you have to be there. You are right near the restrooms. I will permit you that when someone has to go, to go ahead and go to the restroom. The bailiff will make sure that you are not talking to anyone and that no one is talking to you. In other words, you are in isolation now. When one or more people leave that is it, you stop the conversation totally. About the only thing you can talk about is, gee isn't it a beautiful day and how come we are not outside on a picnic or something like that, but you can't discuss the case at all. When that person comes back, then yes, you can discuss the case.

▮ Appellant complains the comfort break procedure devised for the members by the military judge violated Article 39(b), UCMJ, 10 U.S.C. § 839(b), in that it created a danger the members would improperly communicate with someone during the time they were out of the deliberation room. We are aware that many military judges require the members to return to open session and request a recess for the purpose of comfort breaks. We are aware that others do not, especially when there are restroom facilities adjoining the deliberation room and there are adequate safeguards against improper communications. R.C.M. 801 vests broad authority in the military judge to regulate court-martial proceedings to promote the purposes of the UCMJ and the Manual for Courts–Martial. *See* R.C.M. 102. We conclude comfort breaks constitute a subject best left to the discretion of military judges, and we are not inclined to fashion any "bright-line rule" in this area. We note there is no indication of any kind in the record that the procedure adopted by the military judge in

this case resulted in any improper communication or any other impropriety. We conclude it created no prejudice to appellant.

We have examined the findings, and we find them legally and factually correct. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offense, the character and military performance of appellant, and all the circumstances documented in the record of trial. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982). We find the sentence, as adjudged and approved, is not inappropriate.

Accordingly, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge JAMES concur.