UNITED STATES

v.

**Brian P. McQUINN, 275 76 3098, Private (E–1), U.S. Marine Corps.**

**NMCM 97 00872.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 11 Dec. 1996.

Decided 22 Dec. 1997.

LT Dale O. Harris, JAGC, USNR, Appellate Defense Counsel.

LT Randy S. Kravis, JAGC, USNR, Appellate Government Counsel.

Before CLARK, Senior Judge, and SEFTON and WYNNE, Appellate Military Judges.

SEFTON, Judge:

Appellant was convicted, pursuant to his pleas, of three specifications alleging violation of Article 86, Uniform Code of Military Justice, 10 U.S.C § 886 (1994) [hereinafter UCMJ], by a military judge, sitting alone as a special court-martial, on 11 December 1996. Two of the three charged absences were terminated by apprehension, and all arose when appellant left his duty station in North Carolina to return home and to Ohio due to family problems. The adjudged sentence included 50 days confinement and a bad-conduct discharge, which was approved by the convening authority on 10 April 1997.

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

We have reviewed in detail appellant's assignments of error alleging prejudice to his substantial rights concerning what he terms an "unrecorded pretrial conference," (Brief and Assignment of Errors at 5; Record at 5), and a "lack of verbatim record because it does not summarize a conference wherein the providence of appellant's pleas was discussed." Assignment of Errors at 6; Record at 24.

---

1. I. APPELLANT'S PLEAS WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO PROPERLY OBTAIN A FACTUAL BASIS FOR THE CHARGED OFFENSES.

II. APPELLANT'S PLEAS WERE IMPROVIDENT BECAUSE THE PROVIDENCE OF THE PLEAS WAS DISCUSSED IN AN UNRECORDED PRETRIAL CONFERENCE. (Citations omitted.)

III. THE RECORD OF TRIAL IS NOT VERBATIM BECAUSE IT DOES NOT SUMMARIZE A PRETRIAL CONFERENCE WHEREIN THE PROVIDENCE OF APPELLANT'S PLEAS WAS DISCUSSED. (Citations omitted.)

■ While the record of trial must be verbatim, it need not contain a verbatim recordation of conferences. *Compare* RULE FOR COURTS-MARTIAL 1103(b)(2)(B), MANUAL FOR COURTS-MARTIAL (1995 ed.) [hereinafter R.M.C.], *with* R.C.M. 802(b). This assignment is without merit.

The *purposes* of the conferences were appropriate under R.C.M. 802(a). Each was used to resolve certain matters involving providence, with the consent of the parties.[2] Following each conference the military judge summarized it, noted the presence of both appellant and his counsel, and ultimately received the concurrence in the events during both conferences by appellant's trial defense counsel, representing the interests of appellant.

Appellant draws support for both assignments of error on the conferences question from *United States v. Garcia*, 24 M.J. 518 (A.F.C.M.R.1987). While we note the Air Force Court's brief flirtation with such limitation on the use of conferences, neither this court nor our superior court has considered any given topic "off limits" in an R.C.M. 802 conference setting. We are persuaded that the Air Force court's later revisitation to the rule of *Garcia* is the correct view. *United States v. Thomas*, 32 M.J. 1024 (A.F.C.M.R.1991)(stating that *Garcia* did not create a *per se* rule prohibiting discussion of certain topics in R.C.M. 802 conferences, and making the inquiry instead revolve around the sufficiency of the providence inquiry).[3]

■ The truncated dialogue between the military judge and appellant on the record below, which consisted almost entirely of covering the elements of the offenses by cross-examination, concerns us. We are confident that under the facts and circumstances of this case, where the providence inquiry concerned only unauthorized absence offenses which are subject to little vagary in their underpinnings, no error to the substantial prejudice of appellant occurred. We do, however, caution military judges to *let the accused tell his own story* by responding to simple direct questions in providing the evidence of factual support for his pleas of guilty, "in his (or her) own words." Our ability to assess sufficiency of providence inquiries under Article 66(c) UCMJ, 10 U.S.C. § 866(c) (1994) is greatly enhanced by such a practice.

We find a dearth of authority on this specific unauthorized absence providence inquiry issue where information is provided by the military judge, and only *affirmed* by the accused. We note, however, the approval without comment under similar circumstances in *United States v. Vinson*, 33 M.J. 1073, 1075 (A.C.M.R.1991). We agree with appellant that absent a stipulation of fact or other evidentiary device, the facts of the pleas here were discussed in the R.C.M. 802(a) conference. However, we find no matters being "agreed" in the conferences, which would support a basis for verbatim inclusion. R.C.M. 802(b). Since the nature of the matters discussed *were* made a part of the verbatim inquiry, however, we find no possible prejudice, nor does appellant claim any. Art. 59(a) UCMJ, 10 U.S.C. § 859(a). His pleas were entered consistent with a freely negotiated pretrial agreement. He received the benefit of that bargain at trial,[4] and he provides no example of confusion or other infringement on his trial process below.

■ We carefully reviewed the finding of termination by apprehension under Specifications 2 and 3 of the Charge, and find that the plea inquiry questions posed adequately establish even the conclusion of law on the

---

2. Resolution of these matters in order to permit appellant to providently enter the pleas according to his pretrial agreement appears to have been the goal. While such a practice might sometimes yield unwieldy results where the facts are either tortured or lost entirely, such was not the case here. What resulted was merely a streamlined (overly so in our opinion) providence inquiry process.

3. While appellant does not mis-cite the law applicable to the Air Force by carefully noting the contrary holdings of the *Thomas* and *Garcia* courts, we find the better practice to note the law as it *now appears* and attempt to distinguish that law from the facts of the case at bar.

4. Although we note in passing he actually fared better at the hands of the military judge, in that he "beat" the pretrial agreement cap on confinement.

issue of apprehension. The inquiry incorporated apprehension by civilian authorities based on an outstanding DD553 on both occasions, and further established that no other reason for their actions existed, and that appellant did not intend to turn himself in. Record at 14–15; *United States v. Chambers*, 12 M.J. 443 (C.M.A.1982); *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969); *United States v. Evans*, 35 M.J. 754, 757 (N.M.C.M.R.1992). Thus, both the basis for police action and the sole motivation for it (apprehension at the behest of military authority for an unauthorized absence) were both satisfactorily incorporated. Unlike the flaw noted in *Evans*, the factual basis did arise from a dialogue with appellant. *See United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249, 252–53, 1972 WL 14168 (1972); *United States v. Advincula*, 29 M.J. 676, 677 (A.F.C.M.R. 1989).

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge CLARK and Judge WYNNE concur.